UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY SIVAK,<br><br>           Plaintiff,<br><br>    v.<br><br>BYRON [sic] LYNN WINMILL,<br><br>           Defendant. | Case No. 1:26-cv-00282-AKB<br><br>**INITIAL REVIEW ORDER BY<br>SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Lacey Sivak's "Criminal Complaint of Sedition" because of Plaintiff's status as an inmate. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Having reviewed the record, the Court enters the following Order dismissing this case with prejudice.

## 1. Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

"to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Even if a complaint meets the pleading requirements, dismissal under § 1915A is still appropriate if an affirmative defense is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

## 2.    Discussion

Plaintiff is a prisoner in the custody of the Idaho Department of Correction. Plaintiff attempts to bring criminal charges against Judge Winmill, another judge of this Court.

As Plaintiff has been informed on numerous occasions, however, a private citizen cannot institute a federal criminal action. Rather, only the federal government, through the United States Attorney, can do so. *See, e.g., Sivak v. Clerk of Court*, No. 1:24-cv-00030-AKB, 2024 WL 1194460, at *2 (D. Idaho March 20, 2024); *Sivak v. Docket Clerk*, No. 1:24-cv-00021-DCN, 2024 WL 380880, at *2 (D. Idaho Feb. 1, 2024); *Sivak v. Docket Clerk*, No. 1:24-cv-00020-BLW (D. Idaho Feb. 4, 2024); *Sivak v. Docket Clerk*, No. 1:24-cv-00019-BLW, 2024 WL 1071944, at *2 (D. Idaho Mar. 12, 2024); *Sivak v. Winmill*, No. 1:23-cv-00014-AKB, 2023 WL 4600516, at *2

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

(D. Idaho July 18, 2023); *Sivak v. Duggan*, No. 1:21-CV-00166-BLW, 2021 WL 1881038, at *1 (D. Idaho Apr. 26, 2021); *Sivak v. Doe*, No. 1:19-CV-00234-DCN, 2019 WL 13240389, at *2 (D. Idaho Sept. 11, 2019); *Sivak v. Wilson*, No. 1:93-CV-00081-EJL, 2014 WL 12634293, at *2 (D. Idaho June 20, 2014), *aff'd*, 646 F. App'x 523 (9th Cir. 2016); *Sivak v. Nye*, No. 1:24-cv-00193-BLW (D. Idaho June 26, 2024); *Sivak v. Winmill*, No. 1:25-cv-00043-DCN (D. Idaho May 22, 2025); *Sivak v. Newhouse*, No. 1:25-cv-00045-AKB (D. Idaho April 16, 2025); *Sivak v. Nye*, No. 1:25-cv-00632-BLW (D. Idaho Dec. 5, 2025); *Sivak v. Bevan*, No. 1:25-cv-00291-AKB (D. Idaho Jan. 6, 2026). As a result, Plaintiff is well aware that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and that there is no individual right "to have criminal wrongdoers brought to justice," *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987). Further, felony federal prosecution must be based on an indictment, and a private citizen cannot seek an indictment from the grand jury. *See* U.S. Const., amend. V; *United States v. Wellington*, 754 F.2d 1457, 1462 (9th Cir. 1985) ("Any person charged with a crime that is punishable by death or imprisonment in a penitentiary has a constitutional right to be indicted by a grand jury."); *Duke v. United States*, 301 U.S. 492, 494–95 (1937) (petty offenses may be prosecuted by information rather than indictment).

Accordingly, Plaintiff's claims are legally frivolous. *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (holding that a claim is frivolous if "it is of little weight or importance" or has "no basis in law or fact." (internal quotation marks omitted); *Julian v. Crystal Springs Rehab. Ctr.*, 884 F.2d 1395, n.2 (9th Cir. 1989) (unpublished) (holding that a complaint was frivolous "because a complete defense [was] obvious from the pleadings and the deficiency [could not] be cured by amendment"). They are also malicious, because Plaintiff has reasserted claims that he knows have no legal basis. *See, e.g.*, *Brinson v. McKeeman*, 992 F. Supp. 897, 912 (D. Tex.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

1997) ("It is malicious per se for a pauper to file successive in forma pauperis suits that duplicate claims made in other pending or previous lawsuits."); *Scott v. Weinberg*, 2007 WL 963990, at *12–13 (D. Wash. March 26, 2007) (malicious suits include those that "merely repeat[] pending or previously litigated claims" or that can be characterized as "irresponsible or harassing litigation"); *Thomas v. Commonwealth of Virginia*, 2005 WL 1074333, at *5 (D. Va. May 5, 2005) (repetitive lawsuit was frivolous and malicious where plaintiff was told in his previous suit that he had not stated a claim).

For the foregoing reasons, the Complaint must be dismissed under 28 U.S.C. § 1915A(b).

**3.    Opportunity to Amend**

The Court now considers whether to allow Plaintiff an opportunity to amend the Complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility alone can justify denying leave to amend. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes that amendment in this case would be futile. Plaintiff's claims are subject to dismissal because it is clear from the face of the Complaint that they are frivolous and malicious. Therefore, the Court will dismiss the Complaint without leave to amend.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

**ORDER**

**IT IS ORDERED:**

1.      Plaintiff's Complaint is **DISMISSED** with prejudice as frivolous and malicious. *See* 28 U.S.C. § 1915A(b).

2.      Plaintiff's Notice to Proceed Without Cost, construed as an Application for Leave to Proceed In Forma Pauperis (Dkt. 3) is **DENIED** for the same reasons. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

DATED: July 10, 2026

*Amanda K. Brailsford*

_____
Amanda K. Brailsford
Chief U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5